# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIEN M. MCDOUGLAND,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　　／ | CASE NO. 1:07-cv-01590-AWI-SMS PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>(Doc. 1) |

**Screening Order**

**I.　Screening Requirement**

　　Plaintiff Damien M. McDougland ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 1, 2007.

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Eighth Amendment Claim**

The events at issue in this action allegedly occurred at Pleasant Valley State Prison, where Plaintiff was housed at the time. Plaintiff names the California Department of Corrections and Rehabilitation ("CDCR") and Sergeant R. Ladd as defendants. Plaintiff's claim arises out of the confiscation of his cane by Defendant Ladd on October 4, 2006. Plaintiff alleges that he had a medical authorization for the cane and the day after it was confiscated, he fell and injured his knee and back. Plaintiff alleges that Defendants are liable for wrongfully confiscating his cane, which led to his injury.

"The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970

1  (1994) (citing <u>Wilson v. Seiter</u>, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991)).  Second, the prison

2  official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ."  <u>Farmer</u>,

3  511 U.S. at 837.  Thus, a prison official may be held liable under the Eighth Amendment for denying

4  humane conditions of confinement only if he knows that inmates face a substantial risk of harm and

5  disregards that risk by failing to take reasonable measures to abate it.  <u>Id</u>. at 837-45.

6        Plaintiff may not bring suit against CDCR in federal court because it is a state agency and

7  is entitled to Eleventh Amendment immunity.  <u>Aholelei v. Dept. of Public Safety</u>, 488 F.3d 1144,

8  1147 (9th Cir. 2007).  With respect to Defendant Ladd, the wrongful confiscation of Plaintiff's cane

9  is not sufficient to support a claim for violation of Plaintiff's constitutional rights.  Assuming

10 Plaintiff had a right to possess the cane and Defendant should not have confiscated it, as alleged, the

11 Eighth Amendment is violated only if Defendant knowingly subjected Plaintiff to a substantial risk

12 of harm.  Plaintiff's allegations do not support such a claim, and negligent conduct is not sufficient

13 to support a constitutional claim of this type.  <u>Hearns v. Terhune</u>, 413 F.3d 1036, 1040 (9th Cir.

14 2005) (mere negligence is not deliberate indifference).

15 **III.**   **Conclusion**

16       Plaintiff's complaint fails to state a claim upon which relief may be granted under federal

17 law.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the

18 deficiencies identified by the Court in this order.  Plaintiff may not change the nature of this suit by

19 adding new, unrelated claims in his amended complaint.  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th

20 Cir. 2007) (no "buckshot" complaints).

21       Plaintiff is informed that he must demonstrate in his complaint how the conditions

22 complained of have resulted in a deprivation of his constitutional rights.  <u>See</u> <u>Ellis v. Cassidy</u>, 625

23 F.2d 227 (9th Cir. 1980).  The complaint must allege in brief but specific terms how each named

24 defendant is involved.  There can be no liability unless there is some affirmative link or connection

25 between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976);

26 <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir.

27 1978).

28 ///

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   June 6, 2008**                    /s/ Sandra M. Snyder
                                             UNITED STATES MAGISTRATE JUDGE